THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE RECESS EXPORTING AND IMPORTING CORPORATION, Appellant, *v.* FRANCIS M. HUGO, as Secretary of State of the State of New York, Respondent.

Third Department, May 5, 1920.

Corporations — preferences between stockholders under certificate of incorporation — Stock Corporation Law, section 19, providing for issuance of stock without nominal or par value, construed — certificate of reorganization — changing common stock to stock without nominal or par value — validity of provisions giving preferences to preferred stockholders on liquidation or dissolution — redemption of stock — provision not against public policy.

The provisions of section 19 of the Stock Corporation Law, providing for the " issuance of shares of stock without nominal or par value," show that the par value of preferred stock is not the precise amount the holder may receive from the surplus assets upon dissolution, but that that matter may be controlled by the certificate of incorporation. The words " preference as to principal " are used in describing the stock as distinguishing it from stock which is preferred as to dividends only. The section does

not purport to limit the preference, but only requires that it be made definite and certain.

Hence, a corporation is entitled to have its certificate of reorganization filed which changes the common stock to stock without any nominal or par value and provides that upon the liquidation, distribution of capital assets, dissolution or winding up of the corporation, the assets and funds shall be distributed, so far as the same may be lawfully done, among the holders of the stock, by paying to the preferred stockholders 120 per cent of the par value thereof, together with all unpaid accumulated dividends and the accrued dividends thereon, and to the common stockholders the remainder of the assets.

The preferences granted to the preferred stockholders are not unreasonable and are clearly not so unjust as to be against public policy.

As the Stock Corporation Law (§§ 62–64) regulates the manner in which the capital stock of a corporation may be reduced and safeguards the interests of the public and the creditors, the provision for the redemption of the stock while the corporation is a going concern cannot prejudice the public or the creditors.

In the absence of statutory provision to the contrary, the certificate of incorporation of a business corporation may make such preferences between stockholders as to its stock as seem best.

APPEAL by the relator, The Recess Exporting and Importing Corporation, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 28th day of November, 1919, denying relator's application for a peremptory writ of mandamus requiring the respondent to file relator's certificate of reorganization.

*Hornblower, Miller, Garrison & Potter* [*Sherwood E. Hall* of counsel], for the relator.

*Charles D. Newton, Attorney-General,* and *Frank S. Sharp, Deputy Attorney-General* [*C. T. Dawes, Deputy Attorney-General,* of counsel], for the respondent.

JOHN M. KELLOGG, P. J.:

The certificate of reorganization changes the common stock to stock without any nominal or par value, and provides that upon the liquidation, distribution of capital assets, dissolution or winding up of the corporation the assets and funds shall be distributed, so far as the same may lawfully be done, among the holders of the stock, by paying the preferred stockholders

120 per cent of the par value thereof, together with all unpaid accumulated dividends and the accrued dividends thereon, and to the holders of the common stock the remainder of the assets. The Secretary of State, considering the provision illegal, refused to file the certificate.

In the absence of statutory provision to the contrary, the certificate of incorporation of a business corporation may make such preferences between stockholders as to its stock as seem best. (14 C. J. 410, 411.) Section 61 of the Stock Corporation Law* permits a stock corporation to issue preferred stock and common stock, and different classes of preferred stock, if its certificate of incorporation so provides, or if all stockholders consent in writing, or upon a consent of the holders of record of two-thirds of the capital stock given at a stockholders' meeting called for that purpose, but contains no requirement as to what either kind of such stocks shall be. Section 2, subdivision 3, of the Business Corporations Law requires the certificate to state the amount of the capital stock " and if any portion be preferred stock, the preferences thereof." These statutory provisions are in line with the general rule above stated.

Section 19 of the Stock Corporation Law was first brought into the statute in 1912.† At the time of its enactment corporations were issuing various kinds of preferred stock; some stocks were preferred as to dividends, some as to principal, some as to both, and some had other preferences, and the statute must be construed with reference to the then existing conditions. Section 19 permits a corporation to issue stock, " other than preferred stock having a preference as to principal, without any nominal or par value, by stating in such certificate: (1) The number of shares that may be issued by the corporation, and if any of such shares be preferred stock, the preferences thereof. If such preferred stock or any part thereof shall have a preference as to principal, the certificate shall state the amount of such preferred stock having such preference, the particular char-

---

* Amd. by Laws of 1917, chap. 542.— [REP.

† See Laws of 1912, chap. 351, as amd. by Laws of 1917, chap. 500.— [REP.

acter of such preferences, and the amount of each share thereof, which shall be five dollars or some multiple of five dollars, but not more than one hundred dollars." It also provides: "Each share of such stock without nominal or par value shall be equal to every other share of such stock, subject to the preferences given to the preferred stock if any authorized to be issued. Every certificate for such shares without nominal or par value shall have plainly written or printed upon its face the number of such shares which it represents and the number of such shares which the corporation is authorized to issue, and no such certificate shall express any nominal or par value of such shares. The certificates for preferred shares having a preference as to principal shall state briefly the amount which the holders of each of such preferred shares shall be entitled to receive on account of principal from the surplus assets of the corporation in preference to the holders of other shares, and shall state briefly any other rights or preferences given to the holders of such shares."

The object of this section, as is indicated by its caption, was to provide for the "issuance of shares of stock without nominal or par value." While permitting such shares as to common stock, the right is denied as to stock preferred as to principal, which must be of the par value of $5, or multiples thereof, but not more than $100. There is no other limitation suggested as to the rights of the preferred stockholders. The certificate must state the number of shares of stock, and if any of it is preferred "the preferences thereof," and the certificate, where there is a preference as to principal, must state the amount of stock having such preference and the particular character of the preferences. Again, the section provides that certificates for preferred stock, having preference as to principal, shall briefly state the amount which the holders of each of such shares shall be entitled to receive on account of the principal from the surplus assets, in preference to the other shares, and any other rights or preferences given to the holders of such stock. These provisions show that the par value of the stock is not the precise amount which the holder may receive from the surplus assets upon dissolution, but that that matter may be controlled by the certificate

of incorporation. The words "preference as to principal" are used in describing the stock as distinguishing it from stock which is preferred as to dividends only. If the Legislature had intended to limit the preference to the par value of the stock, it would have used the words "par value" instead of speaking of stock "having a preference as to principal." The word "principal" as used is descriptive only, and not a limitation. The section does not purport to limit the preference, but only requires that it be made definite and certain.

The question we are considering has no practical application to a going concern, but only becomes important when a corporation is retiring from business and after the creditors are paid. So far as the public is concerned, at any time while the corporation is alive, the par value of the stock is important, but upon a final dissolution, and after all debts are paid, the manner in which the surplus shall be distributed among the stockholders is of concern to them only and may be a matter of agreement between them. Considering the fact that the common stockholders contribute a mere trifle to the business, perhaps five dollars per share, while the preferred stockholders finance the corporation, the preferences are not unreasonable — clearly not so unjust as to be against public policy.

If it is urged that the provision for the redemption of the stock while the corporation is a going concern may prejudice the public, or creditors, a sufficient answer is that the Stock Corporation Law regulates the manner in which the capital stock of a corporation may be reduced and safeguards the interests of the public and the creditors.*

We, therefore, conclude that the certificate should be filed. The order appealed from should be reversed, with ten dollars costs and disbursements, and the writ granted, with fifty dollars costs and disbursements.

All concur.

Order reversed, with ten dollars costs and disbursements, and writ granted, with fifty dollars costs and disbursements.

* See Stock Corp. Law, §§ 62–64, as amd. by Laws of 1913, chap. 305.
— [REP.